Filed 7/30/26  Bian v. Li CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ZILIAN BIAN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ZHENLONG LI et al.,<br><br>    Defendants and Appellants. | G065737<br><br>(Super. Ct. No. 30-2017-00934519)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, David J. Hesseltine, Judge. Dismissed.

Zhenlong Li and Huiping Li, in pro. per., for Defendants and Appellants.

Law Offices of David S. Lin and David S. Lin, for Plaintiff and Respondent.

Defendants Zhenlong and Huiping Li appeal from an order denying their second motion for reconsideration. That order is nonappealable and defendants did not timely appeal from any appealable order. We therefore dismiss this appeal.

FACTS

Plaintiff Zilian Bian filed a complaint for fraud and other claims against defendants, who Bian alleged resided in Irvine, California. A default judgment was entered against defendants in 2018.

Defendants filed a motion to set aside the judgment in January 2024, contending the trial court lacked personal jurisdiction over them. They filed a "Notice of Withdrawal of Motion" three days before its hearing.

Defendants filed a second motion to set aside the default judgment in July 2024. They claimed they "moved to Nevada," that China had jurisdiction over the case due to a forum selection clause, and there was no "other basis for the exercise of this Court's jurisdiction over the parties." Defendants asserted Bian knew "Defendants were not residents of California" and "had no contact with California other than owning two real properties."

The trial court (Judge Layne H. Melzer) denied the motion. A notice of the court's ruling was served on defendants on September 19, 2024.

Next, defendants filed a "motion for reconsideration" in October 2024, asserting the trial court lacked "personal jurisdiction over Nevada resident defendants." (Cleaned up.) The court denied the motion as untimely on February 20, 2025. (See Code Civ. Proc., § 1008, subd. (a) [10-day deadline].)[1] The court also expressly rejected defendants' contention that the court lacked personal jurisdiction over them. It found: "This same argument

_____

[1] All statutory references are to this code.

was made in the [July 2024] Motion to Set Aside. [Citation.] Further, the Declarations submitted in support of the [July 2024] Motion to Set Aside contained the same evidence as in the instant motion."

Then defendants filed another motion in April 2025. They captioned it simply "Notice of Motion; Memorandum of Points and Authorities; Supporting Documents; Proof of Service." They asserted they had "been Nevada Residents since January 2017" and that the "Court does not have *Personal Jurisdiction* over Nevada Resident Defendants."

The trial court (Judge David J. Hesseltine) construed the motion as a motion for reconsideration and denied it on July 3, 2025. The court noted: "not only does the current motion seek the same relief as the two prior motions, the instant motion again raises the argument that the court lacks personal jurisdiction. This was specifically addressed in the court's February 20, 2025 Minute Order. Moreover, the evidence submitted in support of the instant motion is basically a re-statement of some of the evidence contained in the declarations filed in support of the two prior motions."

Defendants filed notices of appeal on July 10, 2025. They specified the "order appealed from" was dated July 3, 2025—the order denying what they call their "'third Motion.'"

DISCUSSION

This appeal must be dismissed as taken from a nonappealable order. (See *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) An "order denying a motion for reconsideration . . . is not separately appealable." (§ 1008, subd. (g).)

The trial court correctly construed defendants' April 2025 motion as one seeking reconsideration of their prior motions. (See *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193 [type of motion

3

determined by the "'nature of the relief sought'"].) Their July 2024 motion asserted they had "moved to Nevada" and there was no "basis for the exercise of this Court's jurisdiction over the parties" because "Defendants were not residents of California" and "had no contact with California other than owning two real properties." Their October 2024 motion asserted the court lacked "personal jurisdiction over Nevada resident defendants" because they merely owned "two properties in California" and had "not conducted any business activity" in California, "except a visit" in 2020, "since relocation to Nevada."

Defendants' April 2025 motion was more of the same. It asserted they had "been Nevada Residents since January 2017" and that the "Court does not have *Personal Jurisdiction* over Nevada Resident Defendants." And the trial court confirmed "the evidence submitted in support of the instant motion is basically a re-statement of some of the evidence contained in the declarations filed in support of the two prior motions."

Defendants did not timely appeal from the September 2024 order that rejected their first jurisdictional challenge. The latest possible deadline to appeal was March 11, 2025—180 days after the September 12, 2024 order was entered in the court's minutes. (Cal. Rules of Court, rule 8.104(a)(1)(C), (c)(2) & (e).) But they did not appeal until July 10, 2025—121 days too late.

None of defendants' post-September 2024 motions make this appeal viable. First, all those motions were untimely so none was a "valid motion to reconsider." (Cal. Rules of Court, rule 8.108(e); see advisory committee comment ["the word 'valid' means . . . the motion . . . complies with all procedural requirements"]; see also § 1008, subd. (a) [10-day deadline to file motion to reconsider].) Second, even a valid reconsideration motion would have only established the same 180-day deadline to appeal from the

4

appealable order. (Cal. Rules of Court, rule 8.108(e)(3).) Thus, the October 2024 reconsideration motion would have, at most, extended the time to appeal from the underlying September 2024 order to March 11, 2025.

We reject defendants' assertion that "no time limitation" should apply to their jurisdictional challenge. Their assertion that a void judgment may be challenged at any time ignores that they actually litigated the issue of personal jurisdiction twice before. They did not timely appeal from the September 2024 order denying their July 2024 motion. Nor did they timely appeal from the February 2025 order denying their October 2024 reconsideration motion, which itself was only "reviewable as part of an appeal from" the underlying September 2024 order. (§ 1008, subd. (g).) Defendants therefore missed their "'one shot'" for us to review their challenge. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8 ["if an order is appealable, appeal must be taken or the right to appellate review is forfeited"].) They cannot re-litigate personal jurisdiction in perpetuity.

## DISPOSITION

The appeal is dismissed. Respondent shall recover her costs on appeal.


                                        SCOTT, ACTING P. J.

WE CONCUR:


SERVINO, J.


SCHWARM, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.